UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

US BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE STRUCTURED ASSET
INVESTMENT LOAN TRUST, 2006-BNC3,

       Plaintiff,

    v.

SYMOUNOUS HARRIS, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, NEW
YORK CITY PARKING VIOLATIONS BUREAU,
and JOHN DOE,

       Defendants.

-----------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-6940 (MKB)

MARGO K. BRODIE, United States District Judge:

  On December 6, 2018, Defendant Symounous Harris, proceeding *pro se*, filed a petition for removal pursuant to 28 U.S.C. §§ 1441 and 1446(b)(3), seeking to remove a foreclosure action pending in the New York State Supreme Court, Kings County (the "State Court"), under Index No. 20269/09, to the Eastern District of New York. (Notice of Removal, Docket Entry No. 1.) Harris also moves by Order to Show Cause for a temporary restraining order and preliminary injunction enjoining Plaintiff from proceeding with the sale of real property located at 18 Raleigh Place, Brooklyn, New York (the "Property").[1] (Order to Show Cause, Docket

---

[1] On December 11, 2018, Harris moved by Order to Show Cause for a temporary restraining order and a preliminary injunction "setting aside the foreclosure sale and/or enjoining" the transfer of the Property "improperly sold at a foreclosure auction" on December 6, 2018 (the "December 11, 2018 OSC"). (Order to Show Cause, Docket Entry No. 5.) On December 12, 2018, Plaintiff responded to Harris' request to remove the State Court action and his applications for injunctive relief. (Pl. Response in Opp'n ("Pl. Opp'n"), Docket Entry No. 6; Pl. Reply in Opp'n, ("Pl. Reply"), Docket Entry No. 7.)

Entry No. 5.) The Court has examined the notice of removal. For the reasons set forth below, because removal is inappropriate, the Court *sua sponte* directs the Clerk of Court to remand the action to the New York State Supreme Court, Kings County and declines to consider Harris' applications for injunctive relief.[2]

I. **Background**

In August of 2009, Plaintiff commenced a foreclosure action against Harris in State Court, alleging that Harris defaulted on a mortgage note for the Property. (State Ct. Foreclosure Compl. ("State Ct. Compl."), annexed to Notice of Removal.) On January 19, 2017, the State Court issued a judgment of foreclosure and sale and, on February 10, 2017, the order was entered in the State Court. (Judgment of Foreclosure and Sale, annexed to Notice of Removal 49).[3]

On April 29, 2016, Harris filed a civil action in this Court against several parties alleged to have initiated the foreclosure action against the Property after Harris defaulted on her mortgage debt. (Compl., *Harris v. BNC Mortgage, Inc.*, No. 16-CV-2126, Docket Entry No. 1.) By Memorandum and Order dated March 28, 2017 (the "March 2017 Decision"), the Court dismissed the complaint because the claims were precluded by the State Court action. *Harris ex rel. Harris v. BNC Mortgage, Inc.*, No. 16-CV-2126, 2017 WL 1166357, at *5 (E.D.N.Y. Mar. 28, 2017), *aff'd*, 737 F. App'x 573 (2d Cir. 2018).

---

[2] On December 17, 2018, Harris filed a motion for an extension of time to "answer, move, or otherwise obtain counsel and affording such counsel adequate time to review the matter, [and] to seek necessary material from the [s]tate court file." (Harris Supplemental Mot. for an Extension of Time, Docket Entry No. 8.) In light of the Court's decision to remand this action to the State Court, Harris' request for an extension of time is denied as moot.

[3] Because Harris' notice of removal and accompanying exhibits were submitted as one consolidated exhibit, the Court refers to the Electronic Case Filing ("ECF") System pagination.

On December 6, 2018, the Property was sold at a foreclosure auction. (Aff. and Mem. of Law in Supp. of Order to Show Cause, Docket Entry No. 5.) On December 11, 2018, Harris moved by Order to Show Cause for a temporary restraining order and a preliminary injunction setting aside the foreclosure and enjoining the transfer of the Property. (Order to Show Cause.)

## II. Discussion

### a. Standard of review

A defendant may remove a civil action brought in state court to a federal court of original jurisdiction. 28 U.S.C. § 1441(a). "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). The party asserting jurisdiction bears the burden of proving that the jurisdictional and procedural requirements are met. *Cal. Pub. Emps' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."); *see Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). A notice of removal must allege a proper basis for removal under 28 U.S.C. §§ 1441–1445. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("In determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal."); *Bankhead v. New York*, No. 13-CV-3377, 2013 WL 6145776, at *1 (E.D.N.Y. Nov. 21, 2013) ("An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." (quoting *Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y.

3

Apr. 1, 2002))).

### b. The notice of removal is untimely

Harris filed the notice of removal more than thirty days after receiving Plaintiff's complaint and more than one year after the commencement of the State Court action. Removal is therefore untimely.

To be timely, a notice of removal in a civil proceeding must be filed within thirty days after the defendant receives the initial pleading, by service or otherwise, if removal is based on a federal question, 28 U.S.C. § 1446(b), or within one year from the commencement of the action if removal is based on diversity of citizenship, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c); *Kahlon v. Yitzak*, 270 F. Supp. 3d 583, 588 (E.D.N.Y. 2017) (observing that section 1446's thirty day period begins to run when the defendant receives the initial pleading). "Failure to file within the thirty-day filing period leads to an automatic defeat of the removal petition." *Murray v. Deer Park Union Free Sch. Dist.*, 154 F. Supp. 2d 424, 426 (E.D.N.Y. 2001) (citing *Bertrand v. Vingan*, 899 F. Supp. 1198, 1199 (S.D.N.Y. 1995) (noting that a defendant seeking removal must strictly comply with the statutory requirements); *see also Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288–89 (E.D.N.Y. 2014) (remanding the action to state court where the defendant failed to file a notice of removal within one year in a diversity action).

Plaintiff filed the summons and complaint in the State Court on August 10, 2009. (Notice of Removal 2.) Harris admits that she received the complaint in the State Court action on or about September 10, 2009. (*Id.*) Thus, the last possible date by which Harris could have filed a timely notice of removal would have been September 10, 2010, assuming proper diversity jurisdiction. Harris filed her notice of removal in this Court on December 6, 2018, more than

nine years after receiving the complaint in the State Court action.[4] Because Harris' notice of removal is untimely, the Court finds that removal is improper. *See Levchenko v. Chase Bank USA, N.A.*, No. 10-CV-4268, 2011 WL 1099851, at *2 (E.D.N.Y. Mar. 24, 2011) (finding removal improper where the defendant did not file a notice of removal within the required thirty days); *Murray*, 154 F. Supp. 2d at 426 (same).

Defendant has also failed to demonstrate that equitable estoppel should apply. "Some courts have held that an equitable exception to the one-year time limit imposed by Section 1446(b) is warranted where . . . the circumstances suggest that the plaintiff acted tactically to avoid removal and the interests of justice favor removal." *Hill v. Delta Intern. Machinery Corp.*, 386 F. Supp. 2d 427, 431 (S.D.N.Y. 2005) (citation and internal quotation marks omitted) (declining to extend the time to file a notice of removal in part because defendants did not show that the plaintiff "behaved strategically to defeat their right to removal"); *see also Ehrenreich*, 994 F. Supp. 2d at 289 (remanding the action to state court because the defendant filed the notice of removal after the one-year time period and failed to show that the plaintiffs took any action specifically to defeat removal). Harris alleges that "due to extraordinary circumstances and the intentional misconduct of [] [P]laintiff" and a pending bankruptcy proceeding, she was not able to file a notice of removal within the required time period. (Notice of Removal 4.) At best, these allegations are conclusory. Harris does not set forth any facts from which the Court could find "that the plaintiff acted in bad faith in order to prevent [] defendant from removing the action." 28 U.S.C. § 1446(c). Harris' conclusory statements of misconduct are insufficient to warrant an

---

[4] Harris also previously filed a separate civil action in this Court about the Property and did not seek to remove the State Court action at that time. *See generally Harris ex rel. Harris v. BNC Mortgage, Inc.*, No. 17-CV-1280, 2017 WL 1166357 (E.D.N.Y. Mar. 28, 2017), *aff'd*, 737 F. App'x 573 (2d Cir. 2018).

5

extension of the filing period for filing a notice of removal.[5]

### c. Plaintiff's application for attorneys' fees

Plaintiff requests that the Court grant an award of costs to Plaintiff for opposing the removal and requesting remand, in addition to legal fees incurred opposing Harris' second order to show cause. (Pl. Reply 10.)[6]

District courts have discretion to grant an award of costs and fees when remanding a case for improper removal. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal."); *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 923–24 (2d Cir. 1992) (finding that an award of costs and fees is within the court's discretion and requires the application of a test of "overall fairness given the nature of the case, the circumstances of remand and the effect on the parties.") "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Williams v. Int't Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)). Thus, "when an objectively reasonable basis exists, fees should be denied." *Id*. (quoting *Martin*, 546 U.S. at 141).

---

[5] In the December 11, 2018 OSC, Harris contends that the "foreclosure sale is void and must be vacated" because the State Court was deprived of jurisdiction when he filed the notice of removal in this Court. (Order to Show Cause 1.) However, Harris does not allege that the State Court took any action once the notice of removal was filed. Rather, Harris contends that a "referee (a private contractor/fiduciary)," proceeded with the foreclosure sale on December 6, 2018. (*Id*. at 3 ("Matter of fact the referee (a private contractor/fiduciary) screamed and shouted when he received notice of the removal and blatantly claimed it was of no effect.").) Moreover, although Harris requested a temporary restraining order and preliminary injunction staying the sale of the Property, the Court never issued any such orders. Thus, the sale of the Property was not enjoined by this Court.

[6] Because Plaintiff's reply is not consecutively paginated, the Court refers to the ECF pagination.

"Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." *Id*.

Harris acknowledges that his application for removal is untimely but contends that the doctrine of equitable estoppel should apply. In light of Harris' *pro se* status, the Court declines to exercise its discretion and award costs and fees to Plaintiff. *See Smith v. American Exp. Centurion Bank*, No. 06-CV-45, 2007 WL 1552514, at *2 (S.D.N.Y. May 25, 2007) (declining to award the plaintiff attorney's fees in light of the defendant's *pro se* status).

### III. Conclusion

For the reasons discussed above, the action is remanded to the New York State Supreme Court, Kings County. The Court declines to consider Harris' applications for injunctive relief. The Clerk of Court is directed to send a certified copy of this Order to the Clerk of the New York State Supreme Court, Kings County, and to close this case.

Although Harris paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: December 18, 2018
       Brooklyn, New York

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge